**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (_____)**

MICHAEL COSGROVE; JAMES J.        CASE NO.
HEGGIE; ADAM CALVERT; and
JAMES HEGGIE III;
           Plaintiffs,

    vs.

TRANS UNION, LLC; EQUIFAX, INC.;
EXPERIAN INFORMATION
SERVICES INC.; CAPITAL ONE BANK, N.A.;
and OCWEN LOAN SERVICING, LLC;
          Defendants.

## INDEX OF EXHIBITS

| **EXHIBIT** | **DESCRIPTION** |
| --- | --- |
| A | Summons to Trans Union, LLC |
| B | Complaint to Trans Union, LLC |

# EXHIBIT A

Summons to Trans Union, LLC

# Commonwealth of Massachusetts
## Quincy District Court
One Dennis Ryan Parkway
Quincy, MA 02169
(617) 471-1650

_Michael Cosgrove et al._
PLAINTIFF(S),

CIVIL NO. _15 CV 1042_

v.

SUMMONS

_Trans Union et. al._
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO _Trans Union, LLC_

1. **This Notice is to inform you that you are being sued.** A Plaintiff has begun a lawsuit against you. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the District Court. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money.

2. **You must respond within 20 days to protect your rights.** In order to protect your rights you must deliver or mail **a written response called an "Answer"** to "Clerk's Office for Civil Business, Quincy District Court, One Dennis Ryan Parkway, Quincy, MA 02169" **and** to the individual who filed the Complaint within 20 days from the date on which you received this Summons, or within 20 days of the date on which the Summons was delivered to you, **whichever is earlier.** The individual who filed this lawsuit is _James J. Haggle_ ,
(name of Plaintiff's attorney or pro se Plaintiff)
with an address at _333 Ricciuti Drive #721 Quincy, MA 02169_

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to give the Plaintiff what the Plaintiff asks for.** If you have any reasons why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

5. **You will likely lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you will likely lose this case. You will have no opportunity to tell your side of the story, and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may order that the Plaintiff

Rev. 2/2015

A true copy Attest

Deputy Sheriff Suffolk County

may take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** You may be able to get money or other relief from the Plaintiff. If you believe the Plaintiff owes you money or harmed you in some way related to the subject matter of the Plaintiff's Complaint, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear both sides of any arguments and schedule any additional hearings.

9. **Note:** The docket number appearing on the front of this notice must appear on the front of your Answer.

Witness Hon. Mark S. Coven, First Justice on _____, 20____

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## RETURN OF SERVICE
### (for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

_____
(signature)

_____
(name and title)

_____
(address)

Rev. 2/2015

# EXHIBIT B

## Complaint to Trans Union, LLC

COMMONWEALTH OF MASSACHUSETTS

QUINCY, SS.

DISTRICT COURT DEPARTMENT
CIVIL ACTION NO: 15CV1042

MICHAEL COSGROVE and JAMES J. HEGGIE )
and ADAM CALVERT and JAMES HEGGIE III )
    Plaintiffs, )
    v. )
     )
TRANS UNION, LLC and EQUIFAX, INC. )
and EXPERIAN INFORMATION SERVICES INC. )
CAPITAL ONE BANK, N.A. and OCWEN LOAN )
SERVICING, LLC )
    Defendants. )

## **COMPLAINT AND JURY DEMAND**

### INTRODUCTION

This action concerns the three consumer reporting agencies and the furnishers of information which have continually and with complete indifference violated the relevant State and Federal credit reporting acts. The named plaintiffs have taken considerable and costly steps and actions to address the issues and failures of the credit reporting agencies and have been met with a complete lack of concern for following the required and stated procedures relating to the relevant State and Federal credit reporting acts. This has resulted in this complaint having to be filed to force the three consumer reporting agencies to simply follow the required procedures relating to the relevant State and Federal credit reporting acts.

### **PARTIES**

1.    The plaintiff, Michael Cosgrove, is a natural person who resides at 2001 Marina Drive in Quincy, MA and would be a consumer that would be protected by the Federal and State Credit Reporting Act.

2.    The plaintiff, James J. Heggie III, is a natural person residing at 333 Ricciuti Drive in Quincy, MA and would be a consumer protected by the Federal and State Credit Reporting Act. James Heggie is a seventy-six year old disabled veteran.

3.    The plaintiff, Adam Calvert, is a natural person residing in Quincy, MA and would be a consumer that would be protected by the Federal and State Credit Reporting Act.

4.    The plaintiff, James J. Heggie, is a natural person residing at 333 Ricciuti Drive in Quincy, MA and would be a consumer protected by the Federal and State Credit Reporting Act.

5.    The defendant, Capital One Bank, N.A. ("Capital One") has numerous banks located in Massachusetts and has a Bank located at 167 Washington Street in Norwell, MA 02061.

6.    The Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a foreign limited liability company with a principle address of 1661 Worthington Road, Suite 100 in West Palm Beach, FL 33409 and resident agent identified as Corporation Service Company located at 84 State Street in Boston, Massachusetts.

7.    The defendant, Trans Union LLC ("TransUnion") is a foreign limited liability company and consumer reporting agency that collects and organizes information about individual consumer's credit repayment history and public records history. The principal place of business for TransUnion is 555 West Adams Street in Chicago, IL and a resident agent identified as Prentice-Hall Corp. located at 84 State Street in Boston, Massachusetts.

8.    The defendant, Experian Information Services Inc. ("Experian") is a foreign corporation and consumer reporting agency that collects and organizes information about individual consumer's credit repayment history and public records history.  The principal place of business for Experian is 475 Anton Boulevard in Costa Mesa, CA and a resident agent identified as CT Corp. located at 155 Federal Street, Suite 700 in Boston, Massachusetts

9.      The defendant, Equifax Inc. ("Equifax") is a foreign corporation and consumer reporting agency that collects and organizes information about individual consumer's credit repayment history and public records history.  The principal place of business for Equifax is 15550 Peachtree Street in Atlanta, GA and a resident agent identified as Prentice-Hall Corp. located at 84 State Street in Boston, Massachusetts.

## RELEVANT FACTS

10.      The named defendants issued "consumer reports" which means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, 2 § 603 - 15 U.S.C. § 1681a credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604 [§ 1681b].

11.      Plaintiff James Heggie repeatedly contacted the named defendants relating to incorrect and disputed consumer reports which were negatively affected his credit capacity, character, general reputation, personal characteristics, and mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604 [§ 1681b].

12.      Plaintiff James Heggie was forced to hire an attorney to address the issues associated with the incorrect and disputed consumer reports and sent letters to each company disputing the

reports and requesting that each of the named defendants correct the report as necessary to properly reflect the correct consumer report.

13.     The named Defendants investigated the issues and continued to keep a negative consumer reports over seven years old and a Judgment as against James Heggie that was not actually against him on his consumer report. James Heggie and his attorney both attempted to resolve these issues to no avail.

14.     Plaintiff James Heggie's credit report does not correctly reflect that the negative issues were resolved and should not affect his credit report in any manner and the named defendants have failed to adjust and correct his consumer report as necessary and required.

15.     Plaintiff Michael Cosgrove repeatedly contacted the named defendants relating to incorrect and disputed consumer reports which were negatively affecting his credit capacity, character, general reputation, personal characteristics, and mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604 [§ 1681b].

16.     Plaintiff Michael Cosgrove was forced to hire an attorney to address the issues associated with the incorrect and disputed consumer reports and sent letters to each company disputing the debts and requesting that each of the named defendants correct the credit reporting as necessary.

17.     Defendants investigated the issues and continued to keep a negative consumer reporting over debts over seven years old and on debts that were not actually his debts. Michael Cosgrove and his attorney both attempted to resolve these issues to no avail.

18.     Plaintiff Michael Cosgrove's credit report does not correctly reflect that the negative issues were resolved and should not affect his consumer report in any manner.

19.     Plaintiff Adam Calvert repeatedly contacted the named defendants relating to incorrect and disputed consumer reports which were negatively affecting his credit capacity, character, general reputation, personal characteristics, and mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604 [§ 1681b].

20.     Plaintiff Adam Calvert was forced to hire an attorney to address the issues associated with the incorrect and disputed consumer reports and sent letters to each company disputing the debts and requesting that each of the named defendants correct the credit reporting as necessary.

21.     Defendants investigated the issues and continued to keep a negative consumer reporting over debts over seven years old and on debts that were not actually his debts.  Adam Calvert and his attorney both attempted to resolve these issues to no avail.

22.     Plaintiff Adam Calvert's credit report does not correctly reflect that the negative issues were resolved and should not affect his consumer report in any manner.

23.     Demand letters were sent on behalf of the named plaintiff's.

## CAUSES OF ACTION

### COUNT I: Violation of the Federal Credit Reporting Act

24.     Plaintiffs repeat and reallege and reincorporate by reference all the allegations set forth in paragraphs 1 through 23 of the Complaint as if fully set forth therein.

25.     The named Defendants were contacted on numerous occasions by the named plaintiffs and

each named plaintiff's attorney to dispute the debts and request that the named defendants investigate and correct the credit reports of the named plaintiffs.

26.     The named defendants are required under state and federal law to correct, complete, or delete any information that is erroneous, incomplete, or unverified.

27.     Negative information that is more than seven years old may not be included in a credit report and the named defendants failed to delete negative information which was more than seven years old as to both of the named plaintiffs. The negative information on the consumer reports were not within the specified period applicable to the "running of the reporting period" and should have been deleted simply based upon an inspection of the relevant dates.

28.     If the consumer disputes the completeness or accuracy of any item of information in his or her credit report file, the general rule is that the credit reporting agency must investigate the dispute within 30 days, beginning on the date it receives the consumer's request for a correction. The repeated inquires would require a reinvestigation of the disputed consumer reports which the named defendants failed to complete.

29.     After investigation, the credit reporting agencies must determine that certain information about a consumer is inaccurate or can no longer be verified. They must delete that information within three business days after this information has been discovered.

30.     According to the rules and regulations, the defendants have not sufficiently acknowledged these facts with complete truthfulness and honesty and as a result of the actions of the defendants the plaintiffs suffered losses, damages, and emotional distress and the possibility of not having a home to live in.

31.     Compliance procedures [15 U.S.C. § 1681e] (b) require the accuracy of report and the named defendants must follow reasonable procedures to assure maximum possible accuracy of the

information concerning the individual about whom the report relates. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

32.     The named defendants willfully and with malice failed to properly investigate the disputed claims and reported credit reports over seven years old and credit reports which were disputed based upon the fact that these reports were not even involving the named plaintiffs. This would be willful noncompliance by the named defendants and the reports are still not correctly reflected on the named plaintiff's credit reports.

33.     In the alternative the named defendants failed to comply with the requirements under both State and Federal law, rule and regulation negligently.

34.     On multiple occasions the defendants Experian, Transunion, Equifax failed to follow the federal rules and regulations in relation to the disputed consumer reports and failed to delete and modify the consumer report as appropriate and as stated and as a result of the actions of the defendants, the plaintiffs suffered losses, damages, and emotional distress and the possibility of not having a home to live in.

<u>COUNT II: Violation of G.L. 93A pursuant to G.L. 93 Section 68</u>

35.     Plaintiffs repeat and reallege and reincorporate by reference all the allegations set forth in paragraphs 1 through 22 of the Complaint as if fully set forth therein.

36.     The named Defendants were contacted on numerous occasions by the named plaintiffs and each named plaintiff's attorney to dispute the debts and request that the named defendants investigate and correct the credit reports of the named plaintiffs.

37.     The named defendants are required under state law to correct, complete, or delete any information that is erroneous, incomplete, or unverified.

38.     Negative information that is more than seven years old may not be included in a credit

report and the named defendants failed to delete negative information which was more than seven years old as to both of the named plaintiffs. The negative information on the consumer reports were not within the specified period applicable to the "running of the reporting period" and should have been deleted simply based upon an inspection of the relevant dates.

39.     If the consumer disputes the completeness or accuracy of any item of information in his or her credit report file, the general rule is that the credit reporting agency must investigate the dispute within 30 days, beginning on the date it receives the consumer's request for a correction. The repeated inquires would require a reinvestigation of the disputed consumer reports which the named defendants failed to complete.

40.     After investigation, the credit reporting agencies must determine that certain information about a consumer is inaccurate or can no longer be verified. They must delete that information within three business days after this information has been discovered.

41.     According to the rules and regulations, the defendants have not sufficiently acknowledged these facts with complete truthfulness and honesty and as a result of the actions of the defendants the plaintiffs suffered losses, damages, and emotional distress and the possibility of not having a home to live in.

42.     Compliance procedures require the accuracy of report and the named defendants must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

43.     The named defendants willfully and with malice failed to properly investigate the disputed claims and reported credit reports over seven years old and credit reports which were disputed based upon

the fact that these reports were not even involving the named plaintiffs. This would be willful noncompliance by the named defendants and the reports are still not correctly reflected on the named plaintiff's credit reports.

44.     In the alternative the named defendants failed to comply with the requirements under both State and Federal law, rule and regulation negligently.

45.     On multiple occasions the defendants Experian, Transunion, Equifax failed to follow the rules and regulations in relation to the disputed consumer reports and failed to delete and modify the consumer report as appropriate and as stated and as a result of the actions of the defendants, the plaintiffs suffered losses, damages, and emotional distress.

46.     The named plaintiff's served a G.L. 93A demand letter on each of the named Defendants as required by statute.

### COUNT III- DEBT COLLECTION VIOLATIONS- State and Federal

47.     Plaintiffs repeat and reallege and reincorporate by reference all the allegations set forth in paragraphs 1 through 22 of the Complaint as if fully set forth therein.

48.     The named Defendants were contacted on numerous occasions by the named plaintiffs and each named plaintiff's attorney to dispute the debts and request that the named defendants investigate and correct the debts.

49.     The named defendants are required under state law to correct, complete, or delete any information that is erroneous, incomplete, or unverified. In this case a debt was attempted to be collected by Ocwen and Capital One that was incorrect and said Capital One collected a dent through the family member of James Heggie. Ocwen attempted to collect a debt that did not exist as Adam Calvert does not own the property in question.

50.     Debts more than six years old may not be valid and when questioned must be verified.

51.   The named defendants, Ocwen and Capital One have violated the debt collection statutes on a federal and state level..

52.   According to the rules and regulations, the defendants have failed to sufficiently acknowledged with complete truthfulness and honesty the debt and continued to attempt to collect the debt after repeated attempts to inform the defendants of this failure. This has caused damages, and emotional distress and difficulty in many events in life that require credit.

53.   Compliance procedures require the accuracy of debt and the named defendants must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the debt and the named defendants failed in this requirement.

54.   The named defendants willfully and with malice failed to properly investigate the disputed claims and reported credit reports over seven years old and credit reports which were disputed based upon the fact that these reports were not even involving the named plaintiffs. This would be willful noncompliance by the named defendants and the reports are still not correctly reflected on the named plaintiff's credit reports.

55.   In the alternative the named defendants failed to comply with the requirements under both State and Federal law, rule and regulation negligently.

WHEREFORE, the plaintiffs respectfully prays this Honorable Court to:

a.   Award the plaintiffs their reasonable attorney's fees and costs; and

b.   Award the named plaintiff's the statutory penalties and civil liability as defined under the Federal and State statutes relevant to this complaint and pled in the Count I, II and III;

c.   Award punitive damages the named plaintiffs;

d.   Order the named defendants to immediately correct the consumer reports of the

named plaintiff's;

h.      Grant such further relief as this Honorable Court deems appropriate and just.

THE PLAINTIFF'S DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS
COMPLAINT.

The Plaintiff's,
By and through their attorney,

James J. Heggie (BBO No. 659244)
333 Ricciuti Drive, Suite 1721
Quincy, MA  02169
(617) 842-2175
james.heggie@fac.quincycollege.edu

8· 3·15·